UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| LOUIS J. IVES, | | NO. CV-11-253-LRS |
| | Plaintiff, | |
| vs. | | ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING ACTION |
| UNITED STATES OF AMERICA, | | |
| | Defendants. | |

By Order filed August 26, 2011, the court directed Mr. Ives to comply with the filing fee requirements of 28 U.S.C. § 1915(a)(2) by providing a certified copy of his trust fund account statement (or institutional equivalent) for the 6-months immediately preceding the filing of the complaint on June 25, 201. In the alternative, the court directed Plaintiff to pay the full filing fee of $350.00.

Plaintiff did not comply with the court's directives. Instead, he filed a "Response" which was received on September 2, 2011, along with a copy of a sales invoice/receipt dated August 26, 2011. ECF No. 6. Plaintiff asserts he has, in good faith, presented "sales invoices," and asserts it would take more than 21 days for his counselor to process a "complaint" to notify the court of his account number and balance.

Once again, a single sales invoice/receipt dated two months after the filing of a complaint, which only lists an available balance, a spending limit, and an account balance, is not the equivalent of a "certified copy" of an inmate's trust fund account statement for the six months preceding the submission of the complaint. Plaintiff has

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING ACTION -- 1

had more than ample time and opportunity, based on two prior letters from the District Court Executive, ECF Nos. 2 and 4, as well as this court's Order dated August 26, 2011, ECF No. 5, to obtain and provide the necessary documentation. Furthermore, his assertion it would take his counselor more than 21 days to "notify the court of his account number and balance" is not responsive to this court's directive to actually provide a "certified copy of the trust fund account statement (or institutional equivalent)" for the six month period preceding June 25, 2011. *See* 28 U.S.C. § 1915(a)(2).

Because Mr. Ives has failed to comply with the court's directive, **IT IS ORDERED** Plaintiff's application to proceed *in forma pauperis* is **DENIED** and this action is **DISMISSED** under Rule 41(b), Federal Rules of Civil Procedure. This dismissal is with leave to file a new action for which Mr. Ives will first be required to either pay the $350.00 filing fee or provide the documentation required by 28 U.S.C. § 1915(a)(2).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Plaintiff at his last known address and close the file. The court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 3rd day of October, 2011.

*s/Lonny R. Suko*
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE